IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00086-ZLW

JOSEPH ARBING,

    Plaintiff,

v.

WARDEN CHARLES A. DANIELS, and
CORRECTIONAL OFFICER(S) UNION,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter before the Court is the "Supplement to Court Order to Dismiss" that Plaintiff Joseph M. Arbing, a *pro se* prisoner litigant, filed on March 4, 2010. Mr. Arbing is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Arbing seeks reconsideration of the Order of Dismissal and the Judgment entered on February 24, 2010, dismissing the instant action. The Court must construe the Supplement liberally because Mr. Arbing is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Supplement as a Motion to Reconsider and will deny the Motion.

The Court dismissed the Complaint and action without prejudice because Mr. Arbing failed to cure all deficiencies noted in Magistrate Judge Boyd N. Boland's January 15, 2010 Order to Cure within the time allowed. Specifically, Mr. Arbing failed

to file his claims on a proper Court-approved form used in filing prisoner complaints and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with a certified copy of his trust fund account statement.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Arbing's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 24, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on March 4, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Arbing fails to demonstrate some reason why the Court should alter or amend the February 24 Order of Dismissal and Judgment in this action.

Mr. Arbing argues that the Court mistakenly construed his Criminal Complaint as a civil action and that he did not receive Magistrate Judge Boland's January 15 Order.

In his Complaint, Mr. Arbing cites to 42[1] U.S.C. §§ 1985(3) and 1986 and not to a criminal statute for the basis for his claim. Mr. Arbing asserts that defendants are committing criminal acts because they are violating his constitutional rights. (*See* Compl. at 3-4.) Specifically, Mr. Arbing claims that prisoners are subject to false lockdowns so that the prisons may save operating expenses. (Compl at 1.) He also claims that because of these lockdowns prisoners (1) receive nutritionally inadequate food; (2) are not able to work and earn wages; and (3) are denied access to medical and dental services. (Compl. at 2.) Mr. Arbing's claims challenge the conditions of his confinement and properly are raised in a civil action. *See U.S. v. Furman*, 112 F.3d 435, 439 (10th Cir. 1997) (claims involving conditions of confinement are cognizable under ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).

---

[1] Although Mr. Arbing refers to 28 U.S.C. §§ 1985(3) and 1986, the correct citation is 42 U.S.C. §§ 1985(3) and 1986. Both § 1985 and § 1986 pertain to civil rights actions.

3

Even if Mr. Arbing did cite to a criminal statute as the basis for his claims, there is not a private cause of action under criminal law. See *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (a plaintiff cannot recover civil damages for an alleged violation of a criminal statute). Magistrate Judge Boland, therefore, correctly construed the pleading as a civil action and instructed Mr. Arbing to file his claims on a Court-approved form used in filing prisoner complaints.

With respect to Mr. Arbing's claim that he did not receive a copy of Magistrate Judge Boland's January 15 Order, a certificate of mailing for the order was signed and dated by the Clerk of the Court on January 15, 2010. The envelope in which the order was sent to Mr. Arbing was not returned to the Court. Mr. Arbing's allegation that the prison destroys inmate legal mail is vague and conclusory. Even if the Court were to reinstate the action based on Mr. Arbing's claim that he did not receive the January 15 Order to Cure, the Court still would dismiss the action because Mr. Arbing insists in the Motion to Reconsider that he is filing a criminal action and not a civil action. As stated above, there is no private cause of action under criminal law. Based on these findings, the Court does not find justification for reinstating the action. Therefore, the Motion will be denied.

Mr. Arbing is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that Mr. Arbing's Supplement (Doc. # 5) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this  11th  day of  March , 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00086-ZLW

Joseph Arbing
Reg No. 00564-025
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk